UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VICENTE ROSAS, NOLBERT GARCIA-REYES,
NILSON ALEXANDER GUZMAN BARRIOS,
and DIEGO JAVIER LANDI QUIZHPILEMA,　　　　　　　**OPINION & ORDER**
individually and on behalf of all others similarly
situated,　　　　　　　　　　　　　　　　　　　　　　　　24-CV-4243
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Marutollo, M.J.)

　　　　　　　　　　　Plaintiffs,

　　　　　　v.

MIRI GENERAL CONTRACTING INC., and
ADMIR DEMIRI and EDUARD DEMIRI, as
individuals,

　　　　　　　　　　　Defendants.
------------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

　　　　Plaintiffs Vicente Rosas, Nolbert Garcia-Reyes, Nilson Alexander Guzman Barrios, and Diego Javier Landi Quizhpilema (collectively, "Plaintiffs") bring this action against Defendants Miri General Contracting Inc. ("Miri"), Admir Demiri ("Admir"), and Eduard Demiri ("Eduard") (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. § 1331, and under the New York Labor Laws ("NYLL"). The parties consented to magistrate judge jurisdiction on March 14, 2025. *See* Dkt. No. 29. Trial will begin on June 16, 2025. *See* March 14, 2025 Scheduling Order.

　　　　Presently before the Court are Plaintiffs' motions *in limine*. Plaintiffs move *in limine* to preclude Defendants "from eliciting or offering at trial any evidence, testimony, or information that touches upon, goes to, or otherwise involves: (1) Plaintiffs' immigration status, or (2) the Plaintiffs' payment or non-payment of taxes at any point during their employment for the

Defendants, or otherwise." Dkt. No. 35 at 4.[1] Defendants oppose Plaintiffs' motions but do not affirmatively move *in limine* to preclude any evidence at trial. Dkt. No. 37.

For the reasons set forth below, the Court grants Plaintiffs' motions *in limine*.

## **LEGAL STANDARD**

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Gorbea v. Verizon New York, Inc.*, No. 11-CV-3758 (KAM) (LB), 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014) (citing *Luce*, 469 U.S. at 40 n. 2); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011). Indeed, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41.

"Rule 402 of the Federal Rules of Evidence dictates that evidence that is not relevant is not admissible[;] [r]elevant evidence is evidence that has a tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, No. 17-CV-5495 (HG), 2024 WL 4744612, at *2 (E.D.N.Y. Oct. 28, 2024) (citing Fed. R. Evid. 401). Although it is well-established that Rule

---

[1] Page citations are to the ECF-stamped page numbers.

401's test for relevance is a "low threshold, easily satisfied," *United States v. Garnes*, 102 F.4th 628, 638 (2d Cir. 2024), even if challenged evidence is relevant, the Court must conduct a balancing test and may exclude relevant evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Garnes*, 102 F.4th at 636.

## DISCUSSION[2]

I. **Plaintiffs' motion *in limine* to preclude evidence related to Plaintiffs' immigration status**

Plaintiffs move to preclude evidence related to Plaintiffs' immigration status, as Plaintiffs contend that "it is irrelevant and would have a chilling and prejudicial effect on Plaintiffs, and other future Plaintiffs bringing their FLSA[] and NYLL claims." *See* Dkt. No. 35 at 8. Plaintiffs argue that "evidence pertaining to [] Plaintiffs' immigration status has a chilling and prejudicial effect that outweighs any probative value," noting that courts routinely preclude Defendants from using such evidence at FLSA trials in this Circuit. *See id.* at 7.

Defendants argue that Plaintiffs' motion, which they contend seeks to preclude "*any* mention of their immigration status," Dkt. No. 37 at 3 (emphasis in original), is overly broad. Defendants contend that while they "do not assert that Plaintiffs' immigration status justifies any violation of wage and hour laws, it provides crucial context for understanding the payment arrangement agreed upon by the parties." *Id.* Defendants add that "[t]he request for cash payment is a factual circumstance directly related to the employment relationship and the payment of wages, which are central to Plaintiffs' claims." *Id.* at 4.

---

[2] The Court assumes the parties' familiarity with the facts at issue in this litigation.

3

Defendants' argument—which fails to include citations to any case law—misses the mark. Plaintiffs are not seeking, and the Court is not precluding, evidence that Plaintiffs sought cash payments. Defendants, however, have not established that evidence related to Plaintiffs' immigration status is necessary to show that Plaintiffs sought cash payments, or that their immigration status has any relevance to the current case.

Indeed, "the law in this Circuit is clear that a plaintiff's immigration status has no bearing on her rights to recover unpaid wages under the FLSA or New York Labor Law." *Mrs. Bloom's Direct Inc. v. Saavedra*, No. 18-CV-8041 (OTW), 2019 WL 4733600, at *1 (S.D.N.Y. Sept. 27, 2019) (citation omitted); *see also Kim v. Kum Gang, Inc.*, No. 12-CV-6344 (MHD), 2014 WL 2510576, at *1 (S.D.N.Y. June 2, 2014) ("The immigration status of the plaintiffs is not relevant in this case, in which they seek full payment for work that they have performed while in defendants' employ."); *Campos v. Zopounidis*, No. 09-CV-1138 (VLB), 2011 WL 4852491, at *1 (D. Conn. Oct. 13, 2011) ("[e]vidence of Plaintiff's Immigration Status is inadmissible because it directly contradicts a large body of case law from numerous Circuits including District Courts within the Second Circuit clearly holding that all employees, regardless of immigration status, are protected by provisions of the FLSA.").

And "to the extent that such evidence is minimally relevant, 'its prejudicial effect and tendency to mislead the jury would substantially outweigh any probative value.'" *Vilorio v. Deva Holdings LLC*, No. 20-CV-5389 (HG), 2025 WL 1348967, at *1 (E.D.N.Y. Apr. 8, 2025) (quoting *Demirovic v. Ortega*, No. 15-CV-327 (CLP), 2017 WL 4621089, at *4 (E.D.N.Y. Oct. 13, 2017) (excluding this evidence), *aff'd*, 771 F. App'x 111 (2d Cir. 2019)).

Accordingly, Plaintiffs' motion *in limine* related to precluding evidence of Plaintiffs' immigration status is granted.

**II.     Plaintiffs' motion *in limine* to preclude evidence related to Plaintiffs' payment or nonpayment of taxes**

Plaintiffs also move to preclude evidence related to Plaintiffs' payment or non-payment of taxes at any point during their employment for the Defendants, or otherwise. *See* Dkt. No. 35. Plaintiffs argue that courts "routinely exclude Plaintiffs' tax filings and any testimony relating to the payment of taxes at trial in cases involving FLSA and NYLL claims because Plaintiffs' tax filings and other such evidence regarding payment or non-payment of taxes are irrelevant to such claims." *See id.* at 8-9. In response, Defendants argue that "[e]vidence regarding whether Plaintiffs reported this income on their tax returns, or whether they paid taxes on it, is directly relevant to the credibility and accuracy of these claims." Dkt. No. 37 at 4.

This Court agrees with Plaintiffs. "[E]vidence of payment or non-payment of income tax is irrelevant to an FLSA or NYLL plaintiff's wage and hour claims." *Quintanilla v. Suffolk Paving Corp.*, No. 09-CV-5331 (AKT), 2019 WL 1513455, at *2 (E.D.N.Y. Apr. 4, 2019) ("Because this information is irrelevant to the claims and defenses in this case, evidence of Plaintiffs' payment or nonpayment of income taxes is inadmissible and will be precluded at trial."); *D'Arpa v. Runway Towing Corp.*, No. 12-CV-1120 (JG) (RER), 2012 WL 6138481, at *3 (E.D.N.Y. Dec. 11, 2012) (holding that "the discovery of a plaintiff's tax returns in an FLSA case is generally not warranted as the information sought is at best only minimally relevant and can be more readily obtained from a less intrusive source, namely the defendant's own records").

A recent decision from the Honorable Hector Gonzalez, United States District Judge, in the case styled *Vilorio v. Deva Holdings LLC*, No. 20-CV-5389 (HG), 2025 WL 1348967 (E.D.N.Y. Apr. 8, 2025), is directly on point. In *Vilorio*, the plaintiffs moved to preclude evidence concerning the plaintiffs' payment or nonpayment of taxes. *Id.* at *1. Defendants responded by

arguing that "the issue of the declaration of the wages earned as shown on tax returns is central to the issue of the credibility of each witness." *Id.*

Judge Gonzalez rejected Defendants' argument. Judge Gonzalez reasoned as follows:

> Importantly, Defendants' "sole" argument for the introduction of such evidence is that it bears on Plaintiffs' credibility as witnesses because "[o]ne of the indices of credibility is a propensity to obey or to ignore the law." [] In other words, they make no argument that this evidence bears upon their defense to the labor law claims— *e.g.*, by demonstrating Plaintiffs' income. To be sure, Rule 608(b) "permits" the Court to allow cross-examination on "specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." However, that "rule is applied in conjunction with the probative-prejudice balancing test in Rule 403." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 555 (E.D.N.Y. 2011). And here, "[t]he Court appreciates . . . that such evidence of unpaid tax returns might speak to . . . Plaintiffs' credibility; however, the dangers of unfair prejudice, confusion of the issues, and misleading the jury [substantially] outweigh any probative value." *See Puerto v. Moreno*, No. 19-CV-25282, 2021 WL 2716201, at *2 (S.D. Fla. July 1, 2021) (collecting cases excluding this evidence in FLSA cases). And even if Defendants do not intend to elicit evidence concerning Plaintiffs' immigration status, those Rule 403 concerns are heightened here given the association between lack of legal immigration status, so-called off-the-books labor, and the nonpayment of income taxes. []

*Id.*; *see also Demirovic*, 2017 WL 4621089, at *2 ("[w]hether plaintiffs properly reported their income to the government is irrelevant to the issue at hand, and in any event, it is the defendants' responsibility to maintain the necessary records to determine if the plaintiffs were paid properly.").

The Court adopts Judge Gonzalez's reasoning herein. The Court therefore precludes Defendants from producing evidence of Plaintiffs' payment or non-payment of taxes.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motions *in limine*.

Dated:   Brooklyn, New York           **SO ORDERED.**
         May 13, 2025

                                       /s/ Joseph A. Marutollo
                                       JOSEPH A. MARUTOLLO
                                       United States Magistrate Judge

6