UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VICENTE ROSAS, NOLBERT GARCIA-REYES,
NILSON ALEXANDER GUZMAN BARRIOS,
and DIEGO JAVIER LANDI QUIZHPILEMA,
individually and on behalf of all others similarly
situated,

                        Plaintiffs,

        v.

MIRI GENERAL CONTRACTING INC. and
ADMIR DEMIRI and EDUARD DEMIRI, as
individuals,

                     Defendants.
-------------------------------------------------------------------X

**MEMORANDUM &
ORDER**

24-CV-4243
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiffs Vincente Rosas, Nolbert Garcia-Reyes, Nilson Alexander Guzman Barrios, and

Diego Javier Landi Quizhpilema (collectively, "Plaintiffs") bring this action against Defendants

MIRI General Contracting Inc. ("MIRI"), Admir Demiri ("Admir"), and Eduard Demiri

("Eduard") (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 216 and 28 U.S.C. § 1331, and under the New York Labor Laws ("NYLL"). *See*

*generally* Dkt. No. 1.  Trial is scheduled to commence in this matter on June 16, 2025.  Text Order

dated Mar. 14, 2025.

Presently before the Court is Defendants' motion for partial summary judgment on behalf

of Eduard.  *See* Dkt. No. 36.  For the reasons set forth below, the Court denies Defendants' motion.

I.     **Background**

     A.     **Factual Background**

The following facts are drawn from Plaintiffs' statements of material facts submitted

pursuant to Local Civil Rule 56.1 (Dkt. No. 43) and the materials submitted in connection with the

motion (Dkt. Nos. 35-36, 42-44).  As noted below, Defendants failed to submit a statement of material facts pursuant to Local Civil Rule 56.1.  The below facts are undisputed unless otherwise indicated.

MIRI is a domestic corporation in the business of masonry and bricklaying.  Dkt. No. 43 at 1.  Plaintiffs had been employees at MIRI.  *See id.*  Plaintiffs allege that they were denied wages and overtime compensation in violation of the FLSA and NYLL.  *See id.* at 1-2.

Admir is the owner and president of MIRI, although Plaintiffs contend that "Eduard was also involved in the company and co-managed its operations alongside his son, Admir."  *Id.*

Defendants assert that Eduard "was never an owner, officer, or director of MIRI," while Plaintiffs argue that "Eduard recommended employees to [MIRI], regularly visited the job sites, and provided materials and supplies for the company[;] [Eduard] was regarded as the 'boss,' and [] Plaintiff[s] directly requested unpaid wages from him."  *Id.* at 1-2.  Plaintiffs add that they "testified and attested that Eduard provided them with instructions on how to perform their work, which were translated by [the foreman, identified as] 'Ruben' and conceded by Eduard himself, regarding Eduard's ownership, supervision, and overall management of the company."  *Id.* at 2.

Defendants assert that "Eduard did not have the authority to hire or fire employees of the Company."  *Id.*  Plaintiffs respond by claiming that Plaintiff Rosas testified that "he believed Eduard to be the owner and referred to him as 'MIRI.'"  *Id.*  Plaintiffs add that "Eduard and his son Admir would visit the sites, inspect the work, and give instructions through Ruben."  *Id.* According to Plaintiffs, "Rosas further testified that Eduard personally evaluated his performance and determined that he should not receive the full daily wage of $250."  *Id.*

The parties dispute whether Eduard could hire or fire employees of MIRI; whether Eduard had the authority to set employee wages at MIRI; and whether Eduard had the authority to set

employee work schedules at MIRI. *See* Dkt. No. 43 at 2-3. The parties further dispute whether Eduard had any supervisory responsibilities or control over Plaintiffs' daily work and whether Eduard possessed any ownership interest, officer position, or director role at MIRI. *See id.*

### B.    Procedural Background

Plaintiffs filed their complaint on June 14, 2024. *See* Dkt. No. 1. The parties consented to magistrate judge jurisdiction on March 14, 2025. *See* Dkt. No. 29.

On April 25, 2025, Defendants filed their motion for partial summary judgment as to Eduard. *See* Dkt. Nos. 35-36. Defendants argue that Eduard "cannot be considered an 'employer' under either the FLSA or the NYLL as he lacked any meaningful control over Plaintiffs' employment." Dkt. No. 36-8 at 3.

On May 9, 2025, Plaintiffs filed their opposition to Defendants' motion for summary judgment. *See* Dkt. Nos. 42-44. On May 14, 2025, Defendants filed their reply. Dkt. No. 46.

## II.    Legal Standards

Pursuant to Fed. R. Civ. P. 56, a court should grant summary judgment on a claim "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "In other words, a court should grant summary judgment to a party if the facts in the record could not support any outcome other than victory for that party." *Berbick v. Precinct 42*, 977 F. Supp. 2d 268, 273 (S.D.N.Y. 2013) (Sullivan, J.).

"In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal

3

quotations omitted). "Material" facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (internal quotations omitted). If the movant meets this burden, the nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). But if the movant fails to meet its initial burden of production, the motion will fail even if the nonmovant does not submit any evidentiary matter to establish a genuine factual issue for trial. *See BBS Norwalk One, Inc. v. Raccolta, Inc.*, 117 F.3d 674, 677-78 (2d Cir. 1997).

In reviewing the motion, the Court must view the evidence in the light most favorable to the nonmovant and must draw all reasonable inferences in favor of that party and "eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal citation omitted); *see also Anderson*, 477 U.S. at 255 ("[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

III.    **Discussion**

4

### A.    Local Civil Rule 56.1

As a preliminary matter, as Defendants' motion fails to comply with Local Civil Rule 56.1,

the Court denies Defendants' motion on these grounds alone.

Defendants' motion only includes fourteen bulleted "Statement of Facts" in their

memorandum of law in support of their motion.  *See* Dkt. No. 36-8.  These purported facts do not

comply with Local Civil Rule 56.1, which requires as follows:

> Unless the court orders otherwise, on motion or on its own, any motion for summary judgment under Fed. R. Civ. P. 56 must be accompanied by a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion. . . .

> Each statement by the movant or opponent under Rule 56.1(a) and (b), including each statement denying and controverting any statement of material fact, must be followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c).

Local Civil Rule 56.1.

Here, Defendants' motion fails to include a separate, short, and concise statement, in

numbered paragraphs, of the material facts as to which the moving party contends there is no

genuine issue to be tried.  *See* Dkt. No. 36.  Defendants' motion also fails to include any citation

to evidence that would be admissible.

The Court therefore denies Defendant' motion for summary judgment due to Defendants'

failure to comply with Local Rule 56.1.  *See Allstate Life Ins. Co. v. Mota*, No. 21-CV-908 (LJL),

2022 WL 1606449, at *6 (S.D.N.Y. May 20, 2022) ("Courts in this District and in the Eastern

District of New York have denied summary judgment based on a party's failure to comply with

Local Rule 56.1") (collecting cases); *Purisma v. Tiffany Entm't*, No. 09-CV-3502 (NGG) (LB),

2014 WL 3828291 at *1 (E.D.N.Y. Jun. 20, 2014), *report and recommendation adopted*, 2014 WL

3828376 (E.D.N.Y. Aug. 4, 2014) ("As courts in this district have observed repeatedly, the failure

to file a Rule 56.1 Statement is grounds for dismissal of a motion for summary judgment"); *MSF*

*Holding Ltd. v. Fiduciary Trust Co. Int'l*, 435 F. Supp. 2d 285, 304 (S.D.N.Y. 2006) (denying

motion for summary judgment because moving party failed to submit the required 56.1 statement);

*Searight v. Doherty Enters.*, Inc., No. 02-CV-604 (SJF) (JO), 2005 WL 2413590, at *1 (E.D.N.Y.

Sept. 29, 2005) (same).

### B.    The Merits

Even if the Court chose to ignore Defendants' violation of the Local Rule and to engage in

a review of the record in its discretion, Defendants' motion would still be denied for its failure to

support the request with admissible evidence that demonstrates the absence of a genuine issue of

fact. *See Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 349 (E.D.N.Y. 2015) ("[The summary

judgment standard] imposes the initial burden on the moving party to demonstrate the absence of

a genuine issue of material fact." (citing *Celotex Corp.*, 477 U.S. at 323)).

As displayed in the statement of facts section above (where virtually every material fact is

in dispute), Plaintiffs point to testimonial and documentary evidence demonstrating that Eduard

did, in fact, exercise significant control over the terms and conditions of Plaintiffs' employment.

*See* Dkt. No. 42 at 5-6; Dkt. No 43 at 1-5.  Plaintiffs assert that "Eduard directly supervised

Plaintiffs, assigned their duties, set their pay rates, managed their work on job sites, made decisions

regarding work materials, directed the manner and method of payment, and in many cases

personally issued wages."  *See* Dkt. No. 42 at 5; *see* Dkt. No. 43 at 3-5.  Plaintiffs thus contend

that they "reasonably understood Eduard to be their employer based on his conduct and authority

on the job sites."  *See* Dkt. No. 42 at 5; *see* Dkt. No. 43 at 5.

"Given that '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge,'" the parties submissions reveal that there are genuine issues of fact material to Eduard's status as an employer under the FLSA and the NYLL. *See Castro v. AABC Constr., Inc.*, No. 17-CV-1205 (VSB) (KNF), 2020 WL 3965307, at \*4 (S.D.N.Y. Jan. 17, 2020), *report and recommendation adopted*, 2020 WL 1809289 (S.D.N.Y. Apr. 9, 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Such a dispute can only be resolved by a finder of fact. *Id.*

Defendants challenge the affidavits submitted by Plaintiffs in support of their opposition to their motion. *See* Dkt. No. 46. Specifically, Defendant assert that "[n]o certified translation accompanies any of the four affidavits, nor are there are any indications that Plaintiffs understood the contents of their respective affidavits prior to signing it." *Id.* at 2. Because Plaintiffs have "repeatedly required Spanish-language interpreter[s] throughout the course of this litigation," Defendants assert that the affidavits thus fail to adhere to Rule 56(c)(4), requiring supporting affidavits in opposing a motion for summary judgment must be made "on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* (citing Fed. R. Civ. P. 56(c)(4)).

Defendants' challenge is unpersuasive. In addition to Defendants' failure to cite any case law supporting their position, Plaintiffs rely in substantial part on their own depositions and on exhibits submitted by Defendants in supporting their Local Civil Rule 56.1 statement asserting their position concerning Eduard's status as an employer under the FLSA and the NYLL. *See, e.g.*, Dkt. No. 43 at 2-5 (citing Plaintiff's depositions and Defendants' exhibits). Further, the affidavits of Plaintiffs Rosas, Nolbert, Nilson, and Diego each contain sworn certifications that the affidavits were "verbally translated [] from Spanish to English" by and individual "competent in

7

both Spanish and English to render and certify such a translation." Dkt. Nos. 44-3 at 3, 44-5 at 3, 44-7 at 3, 44-8 at 3 (containing sworn statements of the verbal translations of each Plaintiffs' affidavit before a notary public). The Court is thus satisfied that Plaintiffs' supporting affidavits were made "on their own personal knowledge." Fed. R. Civ. P. 56(c)(4).

At bottom, the dispute over whether Eduard functionally employed Plaintiffs under the FLSA and NYLL, and whether Eduard is liable to pay Plaintiffs' alleged wrongfully withheld wages, requires denial of Defendants' motion. *See Xia v. 62-98 Realty LLC*, No. 19-CV-01203 (ENV) (LGD), 2024 WL 5181633, at *6 (E.D.N.Y. Dec. 19, 2024) ("Construing all facts in the light most favorable to Plaintiffs and drawing all reasonable inferences against Defendants, the Court finds that several disputed material facts remain with respect to the extent to which Plaintiffs were associated with Defendants and the worksite rather than [the contractor], the degree to which Defendants supervised Plaintiffs' work, and the degree to which Defendants controlled the terms and conditions of Plaintiffs' employment.").

Accordingly, the Court finds that Defendants have failed to meet their burden of demonstrating that there are no genuine issues of material fact and that Eduard is entitled to partial summary judgment. The unresolved factual disputes discussed above are best reserved for determination by a jury.

## IV.    Conclusion

For the foregoing reasons, Defendants' motion for partial summary judgment on liability is **DENIED**.

Dated:        Brooklyn, New York            **SO ORDERED.**
              May 14, 2025

                                               */s/ Joseph A. Marutollo*
                                            JOSEPH A. MARUTOLLO
                                            United States Magistrate Judge